1  James R. Touchstone, Esq., SBN 184584
   jrt@jones-mayer.com
2  Brooke A. Buchanan, Esq., SBN 286295
   bab@jones-mayer.com
3  JONES & MAYER
   3777 N. Harbor Blvd.
4  Fullerton, California 92835
   Telephone:  (714) 446-1400
5  Facsimile:  (714) 446-1448

6
   Attorneys for CITY OF FULLERTON
7  POLICE OFFICERS HERRERA,
   MCCASKILL, MCSHANE, PEDROZA,
8  CRABTREE and PEREZ

9
                UNITED STATES DISTRICT COURT
10
               CENTRAL DISTRICT OF CALIFORNIA
11

12
   LOURDES TOMAN, an individual,      Case No.  8:20-cv-00046-DOC-KES
13 ANTONIO PAREDES, an
   individual, and ALAN CASTRO, an    *Hon. David O. Carter*
14 individual,
                                      **DEFENDANTS, FULLERTON POLICE**
15          Plaintiffs,               **OFFICERS HERRERA, MCCASKILL,**
                                      **MCSHANE, PEDROZA, CRABTREE**
16          vs.                       **AND PEREZ'S, ANSWER TO**
                                      **PLAINTIFFS' COMPLAINT**
17 BREA POLICE OFFICER JERRY
   GLOMBOSKE, sued in his
18 individual capacity; FULLERTON
   POLICE OFFICERS CRABTREE,
19 HERRERA, MCCASKILL,
   MCSHANE, PEDROZA, and
20 PEREZ, all sued in their individual
   capacities, and DOES 1-10,
21 inclusive;

22          Defendants.

23

24

25

26

27

28
                            - 1 -
   ANSWER TO COMPLAINT

## **ANSWER TO COMPLAINT**

Answering Plaintiffs' Complaint for (1) Unreasonable Search in Violation of 42 U.S.C. § 1983 [Fourth Amendment]; (2) Excessive Force/Unreasonable Seizure in Violation of 42 U.S.C. § 1983 [Fourth Amendment]; (3) Unlawful Arrest/Unreasonable Seizure in Violation of 42 U.S.C. § 1983 [Fourth Amendment]; (4) Retaliation in Violation of 42 U.S.C. § 1983 [Fourth Amendment]; (5) Unreasonable Search in Violation of Cal. Const. Art. I § 13 [Cal. Civ. Code § 52.1]; (6) Excessive Force/Unreasonable Seizure in Violation of Cal. Const. Art. I § 13 [Cal. Civ. Code § 52.1]; (7) Unreasonable Seizure/False Arrest in Violation of Cal. Const. Art. I § 13 [Cal. Civ. Code § 52.1]; (8) Deprivation of Rights in Violation of Cal. Civ. Code § 52.1; (9) Assault and Battery; and (1) Tortious Interference with Contract. Defendants City of Fullerton Police Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny and allege as follows:

## I. **JURISDICTION**

1.  Answering paragraph 1 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez admit that this Court has jurisdiction over this case insofar as this case arises under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

2.  Answering paragraph 2 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  admit that this Court has supplemental over this case insofar as this case arises under 28 U.S.C. § 1367(a).

ANSWER TO COMPLAINT

## II.    VENUE

3.    Answering paragraph 3 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez admit that venue is proper.

## III.    PARTIES

4.    Answering paragraph 4 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

5.    Answering paragraph 5 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

6.    Answering paragraph 6 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

7.    Answering paragraph 7 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

8.    Answering paragraph 8 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez admit that they were employed by the Fullerton Police Department at the time of the events alleged. Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 8 of the Complaint.

9.    Answering paragraph 9 of the Complaint, Officers Herrera, McCaskill,

McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

10. Answering paragraph 10 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

11. Answering paragraph 11 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Answering paragraph 12 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez admit that the City of Fullerton received a Claim from Plaintiffs. Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 12 of the Complaint.

## V.   STATEMENT OF FACTS

13. Answering paragraph 13 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

14. Answering paragraph 14 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

15. Answering paragraph 15 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient

- 4 -

knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

16.    Answering paragraph 16 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

17.    Answering paragraph 17 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

18.    Answering paragraph 18 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

19.    Answering paragraph 19 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

20.    Answering paragraph 20 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

21.    Answering paragraph 21 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

22.    Answering paragraph 22 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient

ANSWER TO COMPLAINT

knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

23.     Answering paragraph 23 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

24.     Answering paragraph 24 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

25.     Answering paragraph 25 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

26.     Answering paragraph 26 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

27.     Answering paragraph 27 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez admit that the Fullerton Police Department received a call for service on March 23, 2019 from the residence. Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and on that basis deny each and every allegation contained therein.

28.     Answering paragraph 28 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on

1  that basis deny each and every allegation contained therein.

2      29.    Answering paragraph 29 of the Complaint, Officers Herrera,

3  McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient

4  knowledge or information to form a belief as to the truth of the allegations, and on

5  that basis deny each and every allegation contained therein.

6                    **ASSERTION OF RIGHTS AND WARNING**

7      30.    Answering paragraph 30 of the Complaint, Officers Herrera,

8  McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient

9  knowledge or information to form a belief as to the truth of the allegations, and on

10  that basis deny each and every allegation contained therein.

11      31.    Answering paragraph 31 of the Complaint, Officers Herrera,

12  McCaskill, McShane, Pedroza, Crabtree and Perez admit that Detective Pedroza is

13  a member of the Fullerton Police Department. Except as so expressly admitted,

14  Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and

15  every allegation contained in paragraph 31 of the Complaint.

16      32.    Answering paragraph 32 of the Complaint, Officers Herrera,

17  McCaskill, McShane, Pedroza, Crabtree and Perez admit that Detective Pedroza

18  spoke with Michael Fell telephonically on March 25, 2019. Except as so expressly

19  admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez

20  deny each and every allegation contained in paragraph 32 of the Complaint.

21      33.    Answering paragraph 33 of the Complaint, Officers Herrera,

22  McCaskill, McShane, Pedroza, Crabtree and Perez admit that Detective Pedroza

23  spoke to Michael Fell telephonically on March 25, 2019 regarding James Toman's

24  welfare. Except as so expressly admitted, Officers Herrera, McCaskill, McShane,

25  Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph

26  33 of the Complaint.

27      34.    Answering paragraph 34 of the Complaint, Officers Herrera,

28  McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient

1  knowledge or information to form a belief as to the truth of the allegations, and on
2  that basis deny each and every allegation contained therein.

3       35.    Answering paragraph 35 of the Complaint, Officers Herrera,
4  McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient
5  knowledge or information to form a belief as to the truth of the allegations, and on
6  that basis deny each and every allegation contained therein.

7       36.    Answering paragraph 36 of the Complaint, Officers Herrera,
8  McCaskill, McShane, Pedroza, Crabtree and Perez admit that Detective Pedroza
9  spoke to Michael Fell telephonically on March 25, 2019 regarding a possible
10 warrant. Except as so expressly admitted, Officers Herrera, McCaskill, McShane,
11 Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph
12 36 of the Complaint.

13 **ENTRY**

14      37.    Answering paragraph 37 of the Complaint, Officers Herrera,
15 McCaskill, McShane, Pedroza, Crabtree and Perez admit that the Fullerton Police
16 were present at the subject property on April 2, 2019, and admit that Corporal
17 McShane spoke to Lourdes on April 2, 2019. Except as so expressly admitted,
18 Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and
19 every allegation contained in paragraph 37 of the Complaint.

20      38.    Answering paragraph 38 of the Complaint, Officers Herrera,
21 McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient
22 knowledge or information to form a belief as to the truth of the allegations, and on
23 that basis deny each and every allegation contained therein.

24      39.    Answering paragraph 39 of the Complaint, Officers Herrera,
25 McCaskill, McShane, Pedroza, Crabtree and Perez admit that the Fullerton Police
26 were present at the subject property on April 2, 2019, and admit that Corporal
27 McShane began to break down the subject door after denial of entry. Except as so
28 expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

1    Perez deny each and every allegation contained in paragraph 39 of the Complaint.

2        40.    Answering paragraph 40 of the Complaint, insofar as the allegations of

3    this paragraph contain legal conclusions, no answer is required.  To the extent an

4    answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

5    Perez admit that the Fullerton Police were present at the subject property on April

6    2, 2019, admit that Corporal McShane began to break down the subject door after

7    denial of entry, and admit that Plaintiffs were escorted from the property. Except as

8    so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree

9    and Perez deny each and every allegation contained in paragraph 40 of the

10   Complaint.

11       41.    Answering paragraph 41 of the Complaint, insofar as the allegations of

12   this paragraph contain legal conclusions, no answer is required.  To the extent an

13   answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

14   Perez admit that the Fullerton Police were present at the subject property on April

15   2, 2019, and admit that Antonio Paredes was escorted from the property. Except as

16   so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree

17   and Perez deny each and every allegation contained in paragraph 41 of the

18   Complaint.

19       42.    Answering paragraph 42 of the Complaint, Officers Herrera,

20   McCaskill, McShane, Pedroza, Crabtree and Perez admit that Michael Fell arrived

21   at the property. Except as so expressly admitted, Officers Herrera, McCaskill,

22   McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in

23   paragraph 42 of the Complaint.

24       43.    Answering paragraph 43 of the Complaint, insofar as the allegations of

25   this paragraph contain legal conclusions, no answer is required.  To the extent an

26   answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

27   Perez admit that the Fullerton Police interviewed James Toman on April 2, 2019,

28   and admit that Lourdes Toman was escorted to a police vehicle. Except as so

ANSWER TO COMPLAINT

1  expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and
2  Perez deny each and every allegation contained in paragraph 43 of the Complaint.

3        44.    Answering paragraph 44 of the Complaint, insofar as the allegations of
4  this paragraph contain legal conclusions, no answer is required.  To the extent an
5  answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and
6  Perez admit that Plaintiffs were transported to the Fullerton Police Department.
7  Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza,
8  Crabtree and Perez deny each and every allegation contained in paragraph 44 of the
9  Complaint.

10        45.    Answering paragraph 45 of the Complaint, Officers Herrera,
11  McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient
12  knowledge or information to form a belief as to the truth of the allegations, and on
13  that basis deny each and every allegation contained therein.

14        46.    Answering paragraph 46 of the Complaint, Officers Herrera,
15  McCaskill, McShane, Pedroza, Crabtree and Perez admit that Lt. Hines spoke with
16  Sereena Ortiz-Castro. Except as so expressly admitted, Officers Herrera, McCaskill,
17  McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in
18  paragraph 46 of the Complaint.

19        47.    Answering paragraph 47 of the Complaint, Officers Herrera,
20  McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient
21  knowledge or information to form a belief as to the truth of the allegations, and on
22  that basis deny each and every allegation contained therein.

23        48.    Answering paragraph 48 of the Complaint, Officers Herrera,
24  McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient
25  knowledge or information to form a belief as to the truth of the allegations, and on
26  that basis deny each and every allegation contained therein.

27        49.    Answering paragraph 49 of the Complaint, Officers Herrera,
28  McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient

- 10 -

knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

50.    Answering paragraph 50 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

## CLAIMS
## FIRST CLAIM FOR RELIEF

51.    Paragraph 51 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 51, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez incorporate their respective admissions and denials to each such paragraph enumerated above.

52.    Answering paragraph 52 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 52.

53.    Answering paragraph 53 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 53.

54.    Answering paragraph 54 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 54.

55.    Answering paragraph 55 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

ANSWER TO COMPLAINT

Perez admit to acting as sworn police officers of the City of Fullerton on April 2, 2019.  Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every other allegation contained in paragraph 55.

56.    Answering paragraph 56 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 56.

## SECOND CLAIM FOR RELIEF

57.    Paragraph 57 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 57, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  incorporate their respective admissions and denials to each such paragraph enumerated above.

58.     Answering paragraph 58 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

59.    Answering paragraph 59 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

60.    Answering paragraph 60 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

61.    Answering paragraph 61 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

62.     Answering paragraph 62 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation

contained therein.

## THIRD CLAIM FOR RELIEF

63.     Paragraph 63 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 63, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez incorporate their respective admissions and denials to each such paragraph enumerated above.

64.     Answering paragraph 64 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez admit that Plaintiffs were transported to the Fullerton Police Department. Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 64 of the Complaint.

65.     Answering paragraph 65 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez admit that Plaintiffs were transported to the Fullerton Police Department. Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 65 of the Complaint.

66.     Answering paragraph 66 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez admit that Plaintiffs were transported to the Fullerton Police Department. Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 66 of the Complaint.

67.     Answering paragraph 67 of the Complaint, insofar as the allegations of

1   this paragraph contain legal conclusions, no answer is required.  To the extent an

2   answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

3   Perez deny each and every allegation contained in paragraph 67.

4        68.    Answering paragraph 68 of the Complaint, insofar as the allegations of

5   this paragraph contain legal conclusions, no answer is required.  To the extent an

6   answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

7   Perez  admit to acting as sworn police officers of the City of Fullerton on April 2,

8   2019. Except as so expressly admitted, Officers Herrera, McCaskill, McShane,

9   Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph

10   68 of the Complaint.

11        69.    Answering paragraph 69 of the Complaint, insofar as the allegations of

12   this paragraph contain legal conclusions, no answer is required.  To the extent an

13   answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

14   Perez deny each and every allegation contained in paragraph 69.

15                  **FOURTH CLAIM FOR RELIEF**

16        70.    Paragraph 70 of the Complaint merely incorporates by reference the

17   allegations of previous paragraphs.  In answering paragraph 70, Officers Herrera,

18   McCaskill, McShane, Pedroza, Crabtree and Perez  incorporate their respective

19   admissions and denials to each such paragraph enumerated above.

20        71.    Answering paragraph 71 of the Complaint, Officers Herrera,

21   McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation

22   contained therein.

23        72.    Answering paragraph 71 of the Complaint, Officers Herrera,

24   McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation

25   contained therein.

26        73.    Answering paragraph 73 of the Complaint, Officers Herrera,

27   McCaskill, McShane, Pedroza, Crabtree and Perez  are without sufficient

28   knowledge or information to form a belief as to the truth of the allegations, and on

1    that basis deny each and every allegation contained therein.

2        74.    Answering paragraph 74 of the Complaint, Officers Herrera,

3    McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation

4    contained therein.

5                            **FIFTH CLAIM FOR RELIEF**

6        75.    Paragraph 75 of the Complaint merely incorporates by reference the

7    allegations of previous paragraphs. In answering paragraph 75, Officers Herrera,

8    McCaskill, McShane, Pedroza, Crabtree and Perez incorporate their respective

9    admissions and denials to each such paragraph enumerated above.

10        76.    Answering paragraph 76 of the Complaint, insofar as the allegations of

11    this paragraph contain legal conclusions, no answer is required. To the extent an

12    answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

13    Perez deny each and every allegation contained in paragraph 76.

14        77.    Answering paragraph 77 of the Complaint, insofar as the allegations of

15    this paragraph contain legal conclusions, no answer is required. To the extent an

16    answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

17    Perez deny each and every allegation contained in paragraph 77.

18        78.    Answering paragraph 78 of the Complaint, insofar as the allegations of

19    this paragraph contain legal conclusions, no answer is required. To the extent an

20    answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

21    Perez deny each and every allegation contained in paragraph 78.

22        79.    Answering paragraph 79 of the Complaint, insofar as the allegations of

23    this paragraph contain legal conclusions, no answer is required. To the extent an

24    answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

25    Perez admit to acting as sworn police officers of the City of Fullerton on April 2,

26    2019. Except as so expressly admitted, Officers Herrera, McCaskill, McShane,

27    Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph

28    79 of the Complaint.

80.     Answering paragraph 80 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 80.

**SIXTH CLAIM FOR RELIEF**

81.     Paragraph 81 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 81, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  incorporate their respective admissions and denials to each such paragraph enumerated above.

82.     Answering paragraph 82 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

83.     Answering paragraph 83 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

84.     Answering paragraph 84 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and deny each and every allegation contained therein.

85.     Answering paragraph 85 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

86.     Answering paragraph 86 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF**

87.     Paragraph 87 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 87, Officers Herrera,

1  McCaskill, McShane, Pedroza, Crabtree and Perez  incorporate their respective

2  admissions and denials to each such paragraph enumerated above.

3      88.      Answering paragraph 88 of the Complaint, insofar as the allegations of

4  this paragraph contain legal conclusions, no answer is required.  To the extent an

5  answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

6  Perez admit that Plaintiffs were transported to the Fullerton Police Department.

7  Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza,

8  Crabtree and Perez deny each and every allegation contained in paragraph 88 of the

9  Complaint.

10     89.      Answering paragraph 89 of the Complaint, insofar as the allegations of

11  this paragraph contain legal conclusions, no answer is required.  To the extent an

12  answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

13  Perez admit that Plaintiffs were transported to the Fullerton Police Department.

14  Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza,

15  Crabtree and Perez deny each and every allegation contained in paragraph 89 of the

16  Complaint.

17     90.      Answering paragraph 90 of the Complaint, insofar as the allegations of

18  this paragraph contain legal conclusions, no answer is required.  To the extent an

19  answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

20  Perez admit that Plaintiffs were transported to the Fullerton Police Department.

21  Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza,

22  Crabtree and Perez deny each and every allegation contained in paragraph 90 of the

23  Complaint.

24     91.      Answering paragraph 91 of the Complaint, insofar as the allegations of

25  this paragraph contain legal conclusions, no answer is required.  To the extent an

26  answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

27  Perez deny each and every allegation contained in paragraph 91.

28     92.      Answering paragraph 92 of the Complaint, insofar as the allegations of

this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  admit to acting as sworn police officers of the City of Fullerton on April 2, 2019. Except as so expressly admitted, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 92 of the Complaint.

93.     Answering paragraph 93 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required.  To the extent an answer is required, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained in paragraph 93.

## EIGHTH CLAIM FOR RELIEF

94.     Paragraph 94 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 94, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  incorporate their respective admissions and denials to each such paragraph enumerated above.

95.     Answering paragraph 95 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

96.     Answering paragraph 96 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

97.     Answering paragraph 97 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

98.     Answering paragraph 98 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

- 18 -

99.    Answering paragraph 99 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

### NINTH CLAIM FOR RELIEF

100.   Paragraph 100 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 100, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  incorporate their respective admissions and denials to each such paragraph enumerated above.

101.   Answering paragraph 101 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

102.   Answering paragraph 102 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

103.   Answering paragraph 103 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

104.   Answering paragraph 104 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

105.   Answering paragraph 105 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez deny each and every allegation contained therein.

### TENTH CLAIM FOR RELIEF

106.   Paragraph 106 of the Complaint merely incorporates by reference the allegations of previous paragraphs.  In answering paragraph 106, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  incorporate their respective

admissions and denials to each such paragraph enumerated above.

107.   Answering paragraph 107 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

108.   Answering paragraph 108 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

109.   Answering paragraph 109 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

110.   Answering paragraph 110 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

111.   Answering paragraph 111 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

112.   Answering paragraph 112 of the Complaint, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

In addition to each of the admissions and denials set forth above, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez assert the following

affirmative defenses.  The assertion of an affirmative defense shall not negate, by any means, Plaintiffs' burden of proof on any element of their claims.

### FIRST AFFIRMATIVE DEFENSE

(Assumption of Risk)

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege Plaintiffs voluntarily assumed all risks, responsibility and liability for the alleged injuries or damages, if any, sustained by Plaintiffs.


### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  allege that neither the Complaint, nor any claim for relief asserted therein, asserts facts sufficient to constitute a claim against Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez.

### THIRD AFFIRMATIVE DEFENSE

(Lawful Conduct)

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege that their conduct was at all times reasonable and lawful under the circumstances.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege that that though under a duty to do so, Plaintiffs have failed and neglected to mitigate the alleged damages, and therefore cannot recover against Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez whether as alleged, or otherwise. Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez are informed and believe and thereon allege that Plaintiffs failed to exercise their duty to mitigate and limit their damage claims as to Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez, which acts and omissions by Plaintiffs have

1  estopped Plaintiffs from asserting any claim for damages or seeking the relief

2  requested against Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

3  Perez .

4  ### FIFTH AFFIRMATIVE DEFENSE

5  (Legal and/or Proximate Cause)

6      Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

7  that their acts were not the legal and/or proximate cause of any of the damages

8  alleged by Plaintiffs.

9  ### SIXTH AFFIRMATIVE DEFENSE

10  (Apportionment)

11      Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

12  that, if Plaintiffs suffered or sustained any loss or damage as alleged in the

13  Complaint, such loss or damage was proximately caused and contributed to by

14  persons or entities other than Officers Herrera, McCaskill, McShane, Pedroza,

15  Crabtree and Perez. The liability of all defendants, named or unnamed, should be

16  apportioned according to the relative degrees of fault, and the liability of Officers

17  Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez should be reduced

18  accordingly.

19  ### SEVENTH AFFIRMATIVE DEFENSE

20  (Offset)

21      Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

22  that any amount for which they are held liable and owing to Plaintiffs is offset by

23  any and all amounts recovered by Plaintiffs from any other responsible parties, such

24  that Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez ' liability

25  will be reduced in an amount corresponding to those recovered by Plaintiffs from

26  such other responsible parties.

27  / / /

28  / / /

ANSWER TO COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

(Privilege)

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege that each and claim for relief contained in Plaintiffs' Complaint is barred because their conduct was, at all times, justified and privileged.

## NINTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege that Plaintiffs' claims for damages are barred, either in whole or in part, because Plaintiffs' purported damages are remote, speculative and/or unavailable as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege that the Complaint is barred because they are entitled to qualified immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

(Claims Barred Due to Exercise of Reasonable Force)

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  allege that each and every claim for relief contained in Plaintiffs' Complaint is barred because, at all times mentioned therein, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  allege that no more force, if any, was used on Plaintiffs' persons than was reasonable to effect detention, overcome any resistance thereto, prevent escape thereon, and prevent injury to Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  and others.

## TWELFTH AFFIRMATIVE DEFENSE

(Claims Barred Due to Reasonable and Probable Cause to Detain Plaintiffs)

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez  allege that each and every claim for relief contained in Plaintiffs' Complaint is barred

ANSWER TO COMPLAINT

1    because, at all times mentioned therein, Officers Herrera, McCaskill, McShane,

2    Pedroza, Crabtree and Perez had reasonable and probable cause to detain and

3    restrain Plaintiffs.

4    **THIRTEENTH AFFIRMATIVE DEFENSE**

5    (No Integral Participation)

6         Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

7    that each and every claim for relief contained in Plaintiffs' Complaint is barred

8    because they were not an integral participant in the events alleged in the Complaint.

9    **FOURTEENTH AFFIRMATIVE DEFENSE**

10    (No Malice)

11         Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

12    that each and every claim for relief contained in Plaintiffs' Complaint is barred

13    because any and all acts taken by Officers Herrera, McCaskill, McShane, Pedroza,

14    Crabtree and Perez occurred in the proper exercise of police powers without malice

15    or intent to deprive any person of any right under the Constitution or any other law.

16    **FIFTEENTH AFFIRMATIVE DEFENSE**

17    (No Deliberate Indifference)

18         Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

19    that each and every claim for relief contained in Plaintiffs' Complaint is barred

20    because any and all acts taken by Officers Herrera, McCaskill, McShane, Pedroza,

21    Crabtree and Perez occurred in the proper exercise of police powers without

22    deliberate indifference to any Plaintiffs' rights.

23    **SIXTEENTHAFFIRMATIVE DEFENSE**

24    (Discretionary Immunity)

25         Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

26    that they are entitled to discretionary immunity for their actions as set forth in

27    Government Code section 820.2.

28    / / /

- 24 -

ANSWER TO COMPLAINT

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

(Non-Negligent Enforcement of Law)

3   Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

4   that they are absolved of liability because a public employee is not liable for his act

5   or omission, exercising due care, in the execution or enforcement of any law

6   pursuant to Government Code section 820.4.

7

## EIGHTEENTH AFFIRMATIVE DEFENSE

8

(Good Faith Immunity)

9   Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

10  that they are immune from liability for their actions because they acted in good

11  faith, without malice, and under the apparent authority of an enactment that is

12  unconstitutional, invalid or inapplicable, and they are not liable for an injury caused

13  thereby except to the extent that he would have been liable had the enactment been

14  constitutional, valid and applicable pursuant to Government Code section 820.6.

15

## NINETEENTH AFFIRMATIVE DEFENSE

16

(821.6 Immunity)

17  Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

18  they are immune from liability because a public employee is not liable for injury

19  caused by his instituting or prosecuting any judicial or administrative proceeding

20  within the scope of his employment, even if he acts maliciously and without

21  probable cause pursuant to Government Code section 821.6.

22

## TWENTIETH AFFIRMATIVE DEFENSE

23

(821.8 Immunity)

24  Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

25  they are immune from liability because a public employee is not liable for an injury

26  arising out of his entry upon any property where such entry is expressly or

27  impliedly authorized by law pursuant to Government Code section 821.8.

28  / / /

- 25 -

ANSWER TO COMPLAINT

1

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

(Reservation of Additional Affirmative Defenses)

3

Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and Perez allege

4

that they are without sufficient information as to the nature and scope of Plaintiffs'

5

claims for relief to be able to be fully assess and set forth all potentially-applicable

6

affirmative defenses in this matter.  Accordingly, Officers Herrera, McCaskill,

7

McShane, Pedroza, Crabtree and Perez hereby reserve the right to allege additional

8

affirmative defenses as further information becomes known.

9

## **PRAYER FOR RELIEF**

10

WHEREFORE, Officers Herrera, McCaskill, McShane, Pedroza, Crabtree

11

and Perez pray as follows:

12

1.     That Plaintiffs take nothing by reason of their Complaint, and that

13

judgment be entered in favor of Officers Herrera, McCaskill, McShane, Pedroza,

14

Crabtree and Perez;

15

2.     That Officers Herrera, McCaskill, McShane, Pedroza, Crabtree and

16

Perez  be awarded costs of suit and attorney's fees incurred in defense of this action

17

pursuant to 42 U.S.C. § 1988 and other legal grounds; and

18

3.     For such other and further relief as the Court deems just and proper.

19

20

21

Respectfully Submitted,

22

23

Dated:      February 14, 2020      By:  *S/ Brooke A. Buchanan*

24

James R. Touchstone, Esq.
Brooke A. Buchanan, Esq.

25

Attorneys for Fullerton Police Officers
Herrera, McCaskill, McShane, Pedroza,

26

Crabtree and Perez

27

28

- 26 -

ANSWER TO COMPLAINT