ROBERT C. CECCON (BAR NO. 115496)
rceccon@rwglaw.com
SYLVIA J. QUACH (BAR NO. 316741)
squach@rwglaw.com
RICHARDS, WATSON & GERSHON
A Professional Corporation
350 South Grand Avenue, 37th Floor
Los Angeles, California 90071
Telephone: 213.626.8484
Facsimile: 213.626.0078

Attorneys for Defendant
JERRY GLOMBOSKE

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LOURDES TOMAN, an individual, ANTONIO PAREDES, an individual, and ALAN CASTRO, an individual,

Plaintiffs,

v.

BREA POLICE OFFICER JERRY GLOMBOSKE, sued in his individual capacity; FULLERTON POLICE OFFICERS CRABTREE, HERRERA, MCCASKILL, MCSHANE, PEDROZA, and PEREZ, all sued in their individual capacities; and DOES 1-10, inclusive,

Defendants.

Case No. 8:20-cv-00046-DOC-KES

**DEFENDANT JERRY GLOMBOSKE'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Jerry Glomboske ("Defendant") answers the Complaint of Lourdes Toman, Antonio Paredes, and Alan Castro (collectively "Plaintiffs"), as follows:

1. Answering paragraph 1 of the Complaint, Defendant admits each and every allegation in this paragraph.

2. Answering paragraph 2 of the Complaint, Defendant admits that Plaintiffs allege state law claims in the Complaint. Except as expressly admitted and alleged herein, Defendant denies each and every allegation in this paragraph.

3. Answering paragraph 3 of the Complaint, Defendant admits each and every allegation in this paragraph.

4. Answering paragraph 4 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

5. Answering paragraph 5 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

6. Answering paragraph 6 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

7. Answering paragraph 7 of the Complaint, Defendant admits that he is an employee of the City of Brea, and that he was acting under color of law, and in the course and scope of his employment in connection with the incidents alleged in the Complaint. Except as expressly admitted and alleged herein, Defendant denies each and every allegation in this paragraph.

8. Answering paragraph 8 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

9. Answering paragraph 9 of the Complaint, Defendant is informed and believes that Christina Massini is a social worker employed by the County of Orange. Except as expressly admitted and alleged herein, Defendant denies each and every allegation in this paragraph.

10. Answering paragraph 10 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

11. Answering paragraph 11 of the Complaint, Defendant denies each and every allegation in this paragraph.

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

12. Answering paragraph 12, the City denies that there is a "government tort claim", or that Plaintiffs exhausted administrative remedies. However, the City admits that it received a Government Claim, and that Plaintiffs satisfied the requirements of the Government Code with respect to filing a Government Claim.

13. Answering paragraph 13 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

14. Answering paragraph 14 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

15. Answering paragraph 15 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

16. Answering paragraph 16 of the Complaint, Defendant admits that he is an employee of the City of Brea, and that he spoke with Ms. San Pedro concerning the sale of the property. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every allegation set forth therein.

17. Answering paragraph 17 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

18. Answering paragraph 18 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

19. Answering paragraph 19 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

///

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

20. Answering paragraph 20 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

21. Answering paragraph 21 of the Complaint, Defendant admits that that on or prior to March 10, 2019, he requested to interview James Toman on March 11, 2019. Defendant admits that he spoke with, and received and sent emails to and from Cassie Doutt. He admits that the substance of the communications as alleged in paragraph 21 are consistent with his recollection.

22. Answering paragraph 22 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

23. Answering paragraph 23 of the Complaint, Defendant admits that he sent an email to Ms. Doutt on or about March 18, 2019 asking her to telephone him regarding contacting Mr. Toman.

24. Answering paragraph 24 of the Complaint, Defendant admits that he went to the Toman residence on March 20, 2019, and that he was accompanied by two Detectives from the Brea Police Department. Defendant admits that he spoke with Cassie Doutt. He admits that the substance of the communications as alleged in paragraph 24 are consistent with his recollection.

25. Answering paragraph 25 of the Complaint, Defendant denies that he spoke with Mr. Toman in a manner that was unflattering or derogatory towards Ms. Toman; and further denies that there were "three detectives" present. Defendant admits the remaining allegations of Paragraph 25.

26. Answering paragraph 26, Defendant denies that Ms. Toman "scoffed" or that he "insisted". He further denies that Mr. Toman had "no warning" that Defendant would provide Mr. Toman's address to Kevin Toman. He admits that the substance of the communications as alleged in paragraph 26 are consistent with his recollection.

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

27. Answering paragraph 27 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

28. Answering paragraph 28 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

29. Answering paragraph 29 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

30. Answering paragraph 30 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph and on that basis denies each and every allegation set forth therein. Defendant admits that he spoke with Mr. Fell and that his recollection of the conversation is consistent with that as reported in the second sentence of that paragraph.

31. Answering paragraph 31 of the Complaint, Defendant denies the facts as stated in the first sentence of that paragraph. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 31 and on that basis denies each and every allegation set forth therein.

32. Answering paragraph 32 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

33. Answering paragraph 33 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

34. Answering paragraph 34 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

///

35. Answering paragraph 35 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

36. Answering paragraph 36 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

37. Answering paragraph 37 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

38. Answering paragraph 38 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

39. Answering paragraph 39 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

40. Answering paragraph 40 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

41. Answering paragraph 41 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

42. Answering paragraph 42 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

43. Answering paragraph 43 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

///

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

44. Answering paragraph 44 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

45. Answering paragraph 45 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

46. Answering paragraph 46 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

47. Answering paragraph 47 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

48. Answering paragraph 48 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

49. Answering paragraph 49 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

50. Answering paragraph 50 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

51. Answering paragraph 51 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 48 as though fully set forth herein.

52. Answering paragraph 52 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

53. Answering paragraph 53 of the Complaint, Defendant denies each and every allegation set forth therein.

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

54. Answering paragraph 54 of the Complaint, Defendant denies each and every allegation set forth therein regarding his conduct. With respect to the conduct of the Fullerton Defendants, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

55. Answering paragraph 55 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. Defendant denies each and every remaining allegation set forth therein regarding his conduct. With respect to the conduct of the Fullerton Defendants, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

56. Answering paragraph 56 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. Defendant denies each and every remaining allegation set forth therein regarding his conduct. With respect to the conduct of the Fullerton Defendants, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

57. Answering paragraph 57 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 48 as though fully set forth herein.

58. Answering paragraph 58 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

59. Answering paragraph 59 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

60. Answering paragraph 60 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

61. Answering paragraph 61 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every allegation set forth therein.

62. Answering paragraph 62 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

63. Answering paragraph 63 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 48 as though fully set forth herein.

64. Answering paragraph 64 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

65. Answering paragraph 65 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

66. Answering paragraph 66 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

67. Answering paragraph 67 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

68. Answering paragraph 68 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

69. Answering paragraph 69 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

///

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

70. Answering paragraph 70 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 48 as though fully set forth herein.

71. Answering paragraph 71 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

72. Answering paragraph 72 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

73. Answering paragraph 73 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

74. Answering paragraph 74 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

75. Answering paragraph 75 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 48 as though fully set forth herein.

76. Answering paragraph 76 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

77. Answering paragraph 77 of the Complaint, Defendant denies each and every allegation set forth therein.

78. Answering paragraph 78 of the Complaint, Defendant denies each and every allegation set forth therein.

79. Answering paragraph 79 of the Complaint, insofar as the allegations of this paragraph contain legal conclusions, no answer is required. Defendant denies each and every remaining allegation set forth therein.

80. Answering paragraph 80 of the Complaint, Defendant denies each and every allegation set forth therein.



RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

81. Answering paragraph 81 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 48 as though fully set forth herein.

82. Answering paragraph 82 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

83. Answering paragraph 83 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

84. Answering paragraph 84 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

85. Answering paragraph 85 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

86. Answering paragraph 86 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

87. Answering paragraph 87 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 48 as though fully set forth herein.

88. Answering paragraph 88 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

89. Answering paragraph 89 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

90. Answering paragraph 90 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

91. Answering paragraph 91 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

92. Answering paragraph 92 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

93. Answering paragraph 93 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

94. Answering paragraph 94 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 48 as though fully set forth herein.

95. Answering paragraph 95 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

96. Answering paragraph 96 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

97. Answering paragraph 97 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

98. Answering paragraph 98 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

99. Answering paragraph 99 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

100. Answering paragraph 100 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 48 as though fully set forth herein.

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

101. Answering paragraph 101 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

102. Answering paragraph 102 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

103. Answering paragraph 103 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

104. Answering paragraph 104 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

105. Answering paragraph 105 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

106. Answering paragraph 106 of the Complaint, Defendant incorporates his answering responses to paragraphs 1 through 16 as though fully set forth herein.

107. Answering paragraph 107 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

108. Answering paragraph 108 of the Complaint, Defendant denies each and every allegation set forth therein.

109. Answering paragraph 109 of the Complaint, Defendant denies that he "intimidated and threatened" Lynne San Pedro. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies each and every allegation set forth therein.

110. Answering paragraph 110 of the Complaint, Defendant denies each and every allegation set forth therein.

111. Answering paragraph 111 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

112. Answering paragraph 112 of the Complaint, Defendant denies each and every allegation set forth therein.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

1. Defendant is entitled to qualified immunity since the applicable law was not clearly established and since a reasonable official in defendant's position could have believed his or her conduct was lawful.

### **SECOND AFFIRMATIVE DEFENSE**

2. The Complaint does not state facts sufficient to constitute a cause of action against defendant.

### **THIRD AFFIRMATIVE DEFENSE**

3. A public employee is not liable for his/her act or omission, exercising due care, in the execution or enforcement of any law. Government Code Sections 818.2 and 820.4.

### **FOURTH AFFIRMATIVE DEFENSE**

4. A public employee is not liable for any injury caused by the act or omission of another person. Government Code Section 820.8.

### **FIFTH AFFIRMATIVE DEFENSE**

5. A public employee is not liable for any injury caused by a public employee's misrepresentation, whether the misrepresentation be negligent or intentional. Government Code Sections 818.8 and 822.2.

///

///



RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

**SIXTH AFFIRMATIVE DEFENSE**

6. A public employee is not liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused. Government Code Section 820.2.

**SEVENTH AFFIRMATIVE DEFENSE**

7. To the extent Plaintiffs' injuries and damages, if any, were caused by adopting or failing to adopt an enactment or by failing to enforce any law, Defendant is immune pursuant to Government Code Sections 818.2 and 821.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Any injury or damages to Plaintiffs was caused by the negligence and omissions of Plaintiffs, that carelessness and negligence and omissions were the proximate cause of the alleged damage, if any, to each plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

9. To the extent that Plaintiffs suffered any damages, such damages were caused or contributed to by Plaintiffs and their damage, if any, should be reduced in direct proportion to that Plaintiff's fault.

**TENTH AFFIRMATIVE DEFENSE**

10. The injuries and damages alleged by Plaintiffs, if any, were proximately caused by the negligence, conduct and liability of other persons or entities, and Defendant requests that an allocation of such negligence, conduct and liability be made among such other persons or entities, and that, if any liability is found on the part of these defendants, judgment against Defendant be only in an amount which is proportionate to the extent and percentage by which Defendant's acts or omissions contributed to Plaintiffs' alleged injuries or damages, if at all.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The negligence of a third party or parties was a superseding, intervening cause of the Plaintiffs' alleged injuries.

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

**TWELFTH AFFIRMATIVE DEFENSE**

12. Defendant is not liable pursuant to the doctrine of assumption of risk.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiffs failed to mitigate their damages. Plaintiffs' injuries and damages, if any, have been aggravated as a result of Plaintiffs' failure to exercise reasonable diligence in caring for those injuries and minimizing those damages, and Defendant's liability, if any, must be limited to an amount of damage which would have been suffered had Plaintiffs exercised the diligence required of them.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The actions of Defendant was in all respects reasonable, proper and legal.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiffs' claims are barred by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiffs failed to comply with the claim filing requirements of the Government Tort Claims Act, Government Code Section 900, *et seq*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. The Complaint alleges grounds for liability that are not specified in Plaintiffs' Government claim forms.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Defendant is not liable for any injury except as provided by statute pursuant to Government Code §815.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Pursuant to Government Code §818, and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), Defendant is not liable for exemplary or punitive damages in any sum, or at all.

///

///



RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

WHEREFORE, Defendant prays that Plaintiffs take nothing by way of their Complaint and that Defendant herein recover his costs and such other and further relief as the Court may deem just and proper.

Dated: March 2, 2020

RICHARDS, WATSON & GERSHON
A Professional Corporation
ROBERT C. CECCON
SYLVIA J. QUACH

By: [signature]
ROBERT C. CECCON
Attorneys for Defendant,
JERRY GLOMBOSKE

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant JERRY GLOMBOSKE demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: March 2, 2020

RICHARDS, WATSON & GERSHON
A Professional Corporation
ROBERT C. CECCON
SYLVIA J. QUACH

By: ______________________
ROBERT C. CECCON
Attorneys for Defendant,
JERRY GLOMBOSKE

RICHARDS WATSON GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION